1  CENTER FOR DISABILITY ACCESS
   Amanda Seabock, Esq., SBN 289900
2  Chris Carson, Esq., SBN 280048
   Dennis Price, Esq., SBN 279082
3  Mail: PO Box 262490
   San Diego, CA 92196-2490
4  Delivery: 9845 Erma Road, Suite 300
   San Diego, CA 92131
5  (858) 375-7385; (888) 422-5191 fax
   amandas@potterhandy.com
6
7  Attorneys for Plaintiff

8

9

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  **Scott Johnson**,                          | **Case No**.

          Plaintiff,

15                                               | **Complaint For Damages And
                                                 | Injunctive Relief For Violations
16     v.                                        | Of:** American's With Disabilities
                                                 | Act; Unruh Civil Rights Act
17  **John B. Segall**, in individual and
    representative capacity as trustee of
18  the Revocable Trust of John B. Segall
    and Reva A. Segall and Reva A.
19  Segall dated April 24, 1995;
    **Reva A. Segall**, in individual and
20  representative capacity as trustee of
    the Revocable Trust of John B. Segall
21  and Reva A. Segall and Reva A.
    Segall dated April 24, 1995;
    **Pedro R. Garcia**;
22  **Saratoga Industries, Inc**., a
    California Corporation;
23  **Sandra E. Gonzalez**;
    **Uriel Gonzalez**; and Does 1-10,
24
          Defendants.
25

26
        Plaintiff Scott Johnson complains of John B. Segall, in individual and
27
    representative capacity as trustee of the Revocable Trust of John B. Segall and
28
    Reva A. Segall and Reva A. Segall dated April 24, 1995; Reva A. Segall, in

1

Complaint

1  individual and representative capacity as trustee of the Revocable Trust of
2  John B. Segall and Reva A. Segall and Reva A. Segall dated April 24, 1995;
3  Pedro R. Garcia; Saratoga Industries, Inc., a California Corporation; Sandra E.
4  Gonzalez; Uriel Gonzalez; and Does 1-10 ("Defendants"), and alleges as
5  follows:

6

7  **PARTIES:**

8   1.   Plaintiff is a California resident with physical disabilities. Plaintiff is a
9  level C-5 quadriplegic. He cannot walk and also has significant manual
10 dexterity impairments. He uses a wheelchair for mobility and has a specially
11 equipped van.

12  2.   Defendant John B. Segall, in individual and representative capacity as
13 trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.
14 Segall dated April 24, 1995, owned the real property located at or about
15 18472 Prospect Rd., Saratoga, California, in November 2018.

16  3.   Defendant Reva A. Segall, in individual and representative capacity as
17 trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.
18 Segall dated April 24, 1995, owned the real property located at or about
19 18472 Prospect Rd., Saratoga, California, in November 2018.

20  4.   Defendant John B. Segall, in individual and representative capacity as
21 trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.
22 Segall dated April 24, 1995, owned the real property located at or about
23 18482 Prospect Rd., Saratoga, California, in November 2018.

24  5.   Defendant Reva A. Segall, in individual and representative capacity as
25 trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.
26 Segall dated April 24, 1995, owned the real property located at or about
27 18482 Prospect Rd., Saratoga, California, in November 2018.

28  6.   Defendant John B. Segall, in individual and representative capacity as

Complaint

1   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

2   Segall dated April 24, 1995, owned the real property located at or about

3   18486 Prospect Rd., Saratoga, California, in November 2018.

4       7.  Defendant Reva A. Segall, in individual and representative capacity as

5   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

6   Segall dated April 24, 1995, owned the real property located at or about

7   18486 Prospect Rd., Saratoga, California, in November 2018.

8       8.  Defendant John B. Segall, in individual and representative capacity as

9   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

10   Segall dated April 24, 1995, owns the real property located at or about 18472

11   Prospect Rd., Saratoga, California, currently.

12       9.  Defendant Reva A. Segall, in individual and representative capacity as

13   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

14   Segall dated April 24, 1995, owns the real property located at or about 18472

15   Prospect Rd., Saratoga, California, currently.

16       10. Defendant John B. Segall, in individual and representative capacity as

17   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

18   Segall dated April 24, 1995, owns the real property located at or about 18482

19   Prospect Rd., Saratoga, California, currently.

20       11. Defendant Reva A. Segall, in individual and representative capacity as

21   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

22   Segall dated April 24, 1995, owns the real property located at or about 18482

23   Prospect Rd., Saratoga, California, currently.

24       12. Defendant John B. Segall, in individual and representative capacity as

25   trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

26   Segall dated April 24, 1995, owns the real property located at or about 18486

27   Prospect Rd., Saratoga, California, currently.

28       13. Defendant Reva A. Segall, in individual and representative capacity as

3

Complaint

1  trustee of the Revocable Trust of John B. Segall and Reva A. Segall and Reva A.

2  Segall dated April 24, 1995, owns the real property located at or about 18486

3  Prospect Rd., Saratoga, California, currently.

4    14. Defendant Pedro R. Garcia owned Café Blanc located at or about 18472

5  Prospect Rd., Saratoga, California, in November 2018.

6    15. Defendant Saratoga Industries, Inc. owned Round Table Pizza located

7  at or about 18482 Prospect Rd., Saratoga, California, in November 2018.

8    16. Defendants Sandra E. Gonzalez and Uriel Gonzalez owned La Cueva

9  Mex Grill located at or about 18486 Prospect Rd., Saratoga, California, in

10  November 2018.

11    17. Defendant Pedro R. Garcia owned Café Blanc located at or about 18472

12  Prospect Rd., Saratoga, California, in January 2019.

13    18. Defendant Saratoga Industries, Inc. owned Round Table Pizza located

14  at or about 18482 Prospect Rd., Saratoga, California, in January 2019.

15    19. Defendants Sandra E. Gonzalez and Uriel Gonzalez owned La Cueva

16  Mex Grill located at or about 18486 Prospect Rd., Saratoga, California, in

17  January 2019.

18    20. Defendant Pedro R. Garcia owns Café Blanc located at or about 18472

19  Prospect Rd., Saratoga, California, currently.

20    21. Defendant Saratoga Industries, Inc. owns Round Table Pizza located at

21  or about 18482 Prospect Rd., Saratoga, California, currently.

22    22. Defendants Sandra E. Gonzalez and Uriel Gonzalez own La Cueva Mex

23  Grill located at or about 18486 Prospect Rd., Saratoga, California, currently.

24    23. Plaintiff does not know the true names of Defendants, their business

25  capacities, their ownership connection to the property and business, or their

26  relative responsibilities in causing the access violations herein complained of,

27  and alleges a joint venture and common enterprise by all such Defendants.

28  Plaintiff is informed and believes that each of the Defendants herein,

4

Complaint

1  including Does 1 through 10, inclusive, is responsible in some capacity for the
2  events herein alleged, or is a necessary party for obtaining appropriate relief.
3  Plaintiff will seek leave to amend when the true names, capacities,
4  connections, and responsibilities of the Defendants and Does 1 through 10,
5  inclusive, are ascertained.
6
7  **JURISDICTION & VENUE:**
8  24. The Court has subject matter jurisdiction over the action pursuant to 28
9  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
10  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.
11  25. Pursuant to supplemental jurisdiction, an attendant and related cause
12  of action, arising from the same nucleus of operative facts and arising out of
13  the same transactions, is also brought under California's Unruh Civil Rights
14  Act, which act expressly incorporates the Americans with Disabilities Act.
15  26. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
16  founded on the fact that the real property which is the subject of this action is
17  located in this district and that Plaintiff's cause of action arose in this district.
18
19  **FACTUAL ALLEGATIONS:**
20  27. Plaintiff went to Café Blanc, Round Table Pizza and La Cueva Mex Grill
21  in November 2018 (twice) and January 2019 with the intention to avail
22  himself of its goods, motivated in part to determine if the defendants comply
23  with the disability access laws.
24  28. Café Blanc, Round Table Pizza and La Cueva Mex Grill are facilities
25  open to the public, places of public accommodation, and business
26  establishments.
27  29. Round Table Pizza has a sales counter where it handles its transactions
28  with customers.

Complaint

1   30. Unfortunately, on the dates of the plaintiff's visits, the defendants did

2   not provide an accessible sales counter in conformance with the ADA

3   Standards.

4   31. Currently, the defendants do not provide an accessible sales counter in

5   conformance with the ADA Standards.

6   32. Restrooms are another one of the facilities, privileges, and advantages

7   offered by Defendants to patrons of Café Blanc, Round Table Pizza and La

8   Cueva Mex Grill.

9   33. Unfortunately, on the dates of the plaintiff's visits, the defendants did

10   not provide an accessible restroom in conformance with the ADA Standards.[1]

11   34. Currently, the defendants do not provide an accessible restroom in

12   conformance with the ADA Standards.

13   35. Entrance into Café Blanc, Round Table Pizza and La Cueva Mex Grill is

14   also one of the facilities, privileges, and advantages offered by Defendants to

15   patrons of Café Blanc, Round Table Pizza and La Cueva Mex Grill.

16   36. Unfortunately, on the dates of the plaintiff's visits, the defendants did

17   not provide an accessible door hardware in conformance with the ADA

18   Standards.

19   37. Currently, the defendants do not provide an accessible entrance in

20   conformance with the ADA Standards.

21   38. Paths of travel are one of the facilities, privileges, and advantages

22   offered by Defendants to patrons of Café Blanc.

23   39. Unfortunately, on the dates of the plaintiff's visits, the defendants did

24   not provide accessible paths of travel in conformance with the ADA Standards.

25   40. Currently, the defendants do not provide accessible paths of travel in

26

27   [1] For example, the restroom door hardware at Café Blanc, Round Table Pizza and La Cueva Mex Grill had a
      traditional style knob that required tight grasping and twisting of the wrist to operate. On information and

28   belief there are other issues with the restrooms that renders them non-compliant. Those issues will be fleshed
      out in discovery and inspections. The plaintiff seeks to have fully compliant restrooms provided.

Complaint

1  conformance with the ADA Standards.

2     41. Plaintiff personally encountered these barriers.

3     42. By failing to provide accessible facilities, the defendants denied the

4  plaintiff full and equal access.

5     43. The lack of accessible facilities created difficulty and discomfort for the

6  Plaintiff.

7     44. The defendants have failed to maintain in working and useable

8  conditions those features required to provide ready access to persons with

9  disabilities.

10     45. The barriers identified above are easily removed without much

11  difficulty or expense. They are the types of barriers identified by the

12  Department of Justice as presumably readily achievable to remove and, in fact,

13  these barriers are readily achievable to remove. Moreover, there are numerous

14  alternative accommodations that could be made to provide a greater level of

15  access if complete removal were not achievable.

16     46. Plaintiff will return to Café Blanc, Round Table Pizza and La Cueva Mex

17  Grill to avail himself of its goods and to determine compliance with the

18  disability access laws once it is represented to him that Café Blanc, Round

19  Table Pizza and La Cueva Mex Grill and its facilities are accessible. Plaintiff is

20  currently deterred from doing so because of his knowledge of the existing

21  barriers and his uncertainty about the existence of yet other barriers on the

22  site. If the barriers are not removed, the plaintiff will face unlawful and

23  discriminatory barriers again.

24     47. Given the obvious and blatant nature of the barriers and violations

25  alleged herein, the plaintiff alleges, on information and belief, that there are

26  other violations and barriers on the site that relate to his disability. Plaintiff will

27  amend the complaint, to provide proper notice regarding the scope of this

28  lawsuit, once he conducts a site inspection. However, please be on notice that

Complaint

1    the plaintiff seeks to have all barriers related to his disability remedied. See

2    *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

3    encounters one barrier at a site, he can sue to have all barriers that relate to his

4    disability removed regardless of whether he personally encountered them).

5

6    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

7    **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

8    Defendants.) (42 U.S.C. section 12101, et seq.)

9       48. Plaintiff re-pleads and incorporates by reference, as if fully set forth

10   again herein, the allegations contained in all prior paragraphs of this

11   complaint.

12      49. Under the ADA, it is an act of discrimination to fail to ensure that the

13   privileges, advantages, accommodations, facilities, goods and services of any

14   place of public accommodation is offered on a full and equal basis by anyone

15   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

16   § 12182(a). Discrimination is defined, inter alia, as follows:

17            a.  A failure to make reasonable modifications in policies, practices,

18                or procedures, when such modifications are necessary to afford

19                goods, services, facilities, privileges, advantages, or

20                accommodations to individuals with disabilities, unless the

21                accommodation would work a fundamental alteration of those

22                services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

23            b.  A failure to remove architectural barriers where such removal is

24                readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

25                defined by reference to the ADA Standards.

26            c.  A failure to make alterations in such a manner that, to the

27                maximum extent feasible, the altered portions of the facility are

28                readily accessible to and usable by individuals with disabilities,

Complaint

1    including individuals who use wheelchairs or to ensure that, to the

2    maximum extent feasible, the path of travel to the altered area and

3    the bathrooms, telephones, and drinking fountains serving the

4    altered area, are readily accessible to and usable by individuals

5    with disabilities. 42 U.S.C. § 12183(a)(2).

6    50. When a business provides facilities such as a sales or transaction

7    counter, it must provide an accessible sales or transaction counter in

8    compliance with the ADA Standards.

9    51. Here, no such accessible sales counter at Round Table Pizza has been

10    provided in compliance with the ADA Standards in violation of the ADA.

11    52. When a business provides facilities such as a restroom, it must provide

12    an accessible restroom in compliance with the ADA Standards.

13    53. Here, no such accessible restrooms at Café Blanc, Round Table Pizza

14    and La Cueva Mex Grill have been provided.

15    54. When a business provides an entrance, it must provide an accessible

16    entrance in compliance with the ADA Standards.

17    55. Here, no such accessible entrance at Café Blanc, Round Table Pizza and

18    La Cueva Mex Grill has been provided in compliance with the ADA Standards.

19    56. When a business provides paths of travel, it must provide accessible

20    paths of travel in compliance with the ADA Standards.

21    57. Here, the failure to provide accessible paths of travel at Café Blanc is a

22    violation of the ADA.

23    58. The Safe Harbor provisions of the 2010 Standards are not applicable

24    here because the conditions challenged in this lawsuit do not comply with the

25    1991 Standards.

26    59. A public accommodation must maintain in operable working condition

27    those features of its facilities and equipment that are required to be readily

28    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

9

Complaint

60. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

61. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

62. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

63. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

64. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

65. Although the plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

Complaint

1    **PRAYER**:

2      Wherefore, Plaintiff prays that this Court award damages and provide

3 relief as follows:

4      1. For injunctive relief, compelling Defendants to comply with the

5 Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6 plaintiff is not invoking section 55 of the California Civil Code and is not

7 seeking injunctive relief under the Disabled Persons Act at all.

8      2. Damages under the Unruh Civil Rights Act, which provides for actual

9 damages and a statutory minimum of $4,000 for each offense.

10      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

11 to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

12

13 Dated: May 20, 2019          CENTER FOR DISABILITY ACCESS

14

15                           By:

16                           _____

17                           Amanda Seabock, Esq.
                             Attorney for plaintiff

18

19

20

21

22

23

24

25

26

27

28

Complaint